1  MELINDA S. RIECHERT, State Bar No. 65504
   MORGAN, LEWIS & BOCKIUS LLP
2  2 Palo Alto Square
   3000 El Camino Real, Suite 700
3  Palo Alto, CA 94306-2122
   Tel: 650.843.4000
4  Fax: 650.843.4001
   Email: mriechert@morganlewis.com
5
   Attorney for Defendant
6  NEW YORK LIFE INSURANCE COMPANY

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11 ARELENE BENIGNI,                    Case No. CV 08 3110

12              Plaintiff,             NOTICE OF REMOVAL OF ACTION
                                       28 U.S.C. SECTIONS 1332 AND 1441(b) –
13       vs.                           DIVERSITY OF CITIZENSHIP EMC

14 NEW YORK LIFE INSURANCE
   COMPANY, and DOES 1 through 10,
15
                Defendants.
16

17      **PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1332, Defendant NEW

18 YORK LIFE INSURANCE COMPANY ("NYLIC" or "Defendant") hereby removes the above-

19 entitled action from the Superior Court of the State of California, County of Contra Costa, to the

20 United States District Court for the Northern District of California.  Removal is based on the

21 following grounds:

22      1.      On or about April 21, 2008, Plaintiff Arelene Benigni ("Plaintiff") commenced

23 this action in the Superior Court of the State of California in and for the County of Contra Costa,

24 entitled *Arelene Benigni v. New York Life Insurance, and Does 1 to 10 inclusive*, Case No. C-08-

25 01088 (the "Complaint"), against Defendant, alleging causes of action for:  (1) disability

26 discrimination in violation of California Government Code §§ 12940 et seq.; and (2) retaliation in

27 violation of California Government Code §§ 12940 et seq.  A true and correct copy of the

28 Complaint and Summons, with the accompanying attachments, is attached hereto as **Exhibit 1**.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7696701.5

2.      On May 30, 2008, Plaintiff caused the Complaint and Summons to be served on Defendant.

3.      On June 20, 2008, Defendant filed and served its Answer to Plaintiff's unverified complaint ("Answer"). A true and correct copy of Defendant's Answer is attached hereto as **Exhibit 2**. The Summons, Civil Case Cover Sheet, Complaint and the Answer (attached hereto as Exhibits 1 and 2) constitute all process, pleadings and orders filed in this case, that have been filed in this action.

4.      This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days of receipt of Plaintiff's Complaint. No previous Notice of Removal has been filed or made with this Court for the relief sought.

5.      This action is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, and this matter may be removed to this Court under the provisions of 28 U.S.C. § 1441(a) and (b) in that the amount in controversy exceeds $75,000, exclusive of interest and costs, the action involves citizens of different States, and no defendant is a citizen of California.

6.      Complete Diversity

    (a)     Complete Diversity between Plaintiff and Defendant exists under 28 U.S.C. § 1332, because Plaintiff and Defendant are citizens of different states.

    (b)     At the time Plaintiff files this civil action, Plaintiff was a California citizen. [Complaint ¶ 1.]

    (c)     Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen in any state in which it has been incorporated and of any state where it has its principal place of business. Defendant is, and at all relevant times was, a corporation formed under the laws of the state of New York, and its principal place of business is in the state of New York.

7.      The Ninth Circuit uses a two-step analysis to determine a corporation's principal place of business. *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495 (9th Cir. 2001).

First, the court determines whether a substantial predominance of the corporation's "place of operations" takes place in one state. *Id.* at 500. Second, if the corporation conducts business in many states and does not conduct a substantial predominance of its business in any single state, the court uses a "nerve center" test. *Danjaq, S.A. v. MGM/UA Commc'ns Co.*, 773 F.Supp. 194, 199 (C.D. Cal. 1991).

8.       NYLIC's principal place of operations is in New York State. The Ninth Circuit looks to five factors to determine whether a substantial predominance of corporate activity occurs in a given state: (1) location of employees; (2) location of tangible property; (3) location of production activity; (4) relative sources of income; and (5) where sales take place. *Tosco*, 236 F.3d at 500. An analysis of each of the relevant factors shows that New York State is the locale of NYLIC's principal place of operations. First, of the 15,358 individuals employed by NYLIC, 4,837 are employed in New York, constituting 31% of its entire workforce. *Declaration of Bonnie J. Shenkman ("Shenkman Decl.")*, ¶¶ 2-3. Only 1,419, or 9%, of NYLIC's employees work in California, over three times fewer than those employed in New York. *See Shenkman Decl.*, ¶ 3. Second, NYLIC holds $453,204,790 in tangible property and real estate in the United States. *Declaration of Angelo Scialabba ("Scialabba Decl.")*, ¶ 3. The total value of the property located in New York is $252,700,277, or over 55% of its total holdings. *Scialabba Decl.*, ¶ 3. The amount of property held in California, valued at $1,761,984, does not even account for 1% of NYLIC's real estate assets. *Scialabba Decl.*, ¶ 4. Third, NYLIC obtains significantly more premiums and sales from New York than from California. In fact, the premiums for insurance policies and annuities sold out of New York tripled the amount sold from California in 2007. *See Declaration of Kenneth Roman ("Roman Decl.")*, ¶ 3. NYLIC's New York sales totaled $2,238,512,345 in 2007, while California sales equaled just $740,495,588. *Roman Decl.*, ¶ 3.

9.       New York is also NYLIC's principal place of business under the "nerve center" test because "the majority of its executive and administrative functions are performed" there. *See Tosco*, 236 F.3d at 500. NYLIC is an insurance company organized and existing under and by virtue of the laws of the State of New York. *Declaration of Cynthia J. Lenkiewicz ("Lenkiewicz*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1   *Decl.")*, ¶ 2. NYLIC's corporate headquarters are in New York, and its corporate books and

2   records are located in New York. *Lenkiewicz Decl.*, ¶ 3. The chairman of the Board of Directors,

3   the president, the chief executive officer, the chief legal officer, the corporate secretary and the

4   treasurer of NYLIC  all work primarily out of NYLIC's corporate offices in New York.

5   *Lenkiewicz Decl.*, ¶ 4. Based on these facts, NYLIC's "nerve center" is New York State which is

6   therefore its principal place of business.

7          10.    Under 28 U.S.C. § 1441(a) the citizenship of defendants sued under fictitious

8   names shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's state court

9   complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91

10  (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of

11  defendants sued under fictitious names shall be disregarded). In determining whether diversity of

12  citizenship exists, only the named defendants are considered. *Id.*

13         11.    Although the Complaint does not allege a damages amount as to each claim,

14  removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more

15  likely than not that amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins.*

16  *Co.*, 102 F. 3d 398, 403-04 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (9th

17  Cir. 1999).

18         12.    Defendant is informed and believes that the amount in controversy exceeds the

19  sum or value of $75,000, exclusive of interests and costs. Plaintiff alleges in her Complaint that

20  starting in November 2006, she requested that Defendant return her to her former position with

21  reasonable accommodations in accordance with her medical restrictions, and that Defendant

22  refused to do so. [Complaint ¶ 15]. Plaintiff also alleges that starting in 2006 she applied for

23  open positions at Defendant and that Defendant did not return her to work. [Complaint ¶ 17,

24  ¶ 18.] Plaintiff alleges that by refusing her to return to work from 2006 to the present, she was

25  subject to discrimination and retaliation because of her disability. [Complaint ¶ 23.] She alleges

26  that as a result, she has suffered substantial losses, earnings and job benefits. [Complaint ¶ 24.]

27         13.    Plaintiff's position at Defendant was paying $26,801 at the time she took a leave

28  of absence. *Declaration of Karen Solenick ("Solenick Decl.")*, ¶ 2. In 2006, when Plaintiff was

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

released by her physician to return to work, Plaintiff expressed some interest in positions with Defendant offering annual salaries between $28,000.00 and $34,000. *Solenick Decl.* ¶ 3. Thus, Plaintiff is seeking lost wages to date of between $44,333 and $53,833 for the 19 months since she was released by her doctor to return to work, plus lost benefits.

14.    Plaintiff also alleges that she suffered humiliation, embarrassment, mental and emotional distress in an unspecified amount. [Complaint ¶ 24.] Courts have held that such allegations alone are sufficient to satisfy the amount in controversy requirement. *See Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002) (where plaintiff sought damages for embarrassment, humiliation, and willful, malicious and outrageous conduct, the court held that the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement").

15.    Plaintiff also seeks to recover attorney fees in an amount to be determined at trial. Under California Government Code § 12965(b), attorneys' fees for cases brought under California's Fair Employment and Housing Act are authorized. Courts have held that an award of attorneys' fees, if such fees are authorized, may be considered for purposes of calculating the amount in controversy. *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 577 (D. Ariz. 2003).

16.    Plaintiff's Prayer for Relief requests an additional amount in punitive damages for both causes of action. In addition to compensatory damages, Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). California juries have returned verdicts with substantial punitive damage awards in employment discrimination actions. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) ("the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994) ("Because the purpose of punitive damages is to capture the defendant's attention and deter others from similar conduct, it is apparent that the plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount].").

17.    The pleadings attached to this Notice as Exhibit 1 constitute all the process, pleadings, and orders filed in this action in Contra Costa County Superior Court of which Defendants have served or been served to date.

18.    Venue is proper in this district pursuant to 28 U.S.C. § 1441(a), because this district embraces the county in which the removed action has been pending.

19.    Defendants will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

20.    This removal is being filed on behalf of all Defendants who have been named and served in the state court action.

WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth in 28 U.S.C. § 1446, Defendants pray that the above-captioned action pending in the Superior Court of the State of California in and for the County of Contra Costa be removed therefrom to this Court.

Dated: June 26, 2008

MORGAN, LEWIS & BOCKIUS LLP

By _Melinda S. Riechert_
Melinda S. Riechert

Attorney for Defendant
NEW YORK LIFE INSURANCE
COMPANY

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7696701.5

6

NOTICE OF REMOVAL OF ACTION

1   MELINDA S. RIECHERT, State Bar No. 65504
    MORGAN, LEWIS & BOCKIUS LLP
2   2 Palo Alto Square
    3000 El Camino Real, Suite 700
3   Palo Alto, CA 94306-2122
    Tel: 650.843.4000
4   Fax: 650.843.4001
    Email: mriechert@morganlewis.com
5

6   Attorneys for Defendant
    NEW YORK LIFE INSURANCE COMPANY
7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  ARELENE BENIGNI,                    Case No. _____

12                  Plaintiff,          **DECLARATION OF BONNIE J.**
                                        **SHENKMAN IN SUPPORT OF**
13          vs.                         **DEFENDANT NEW YORK LIFE**
                                        **INSURANCE COMPANY'S NOTICE OF**
14  NEW YORK LIFE INSURANCE             **REMOVAL OF ACTION**
    COMPANY, and DOES 1 through 10,
15  inclusive,

16                  Defendants.

17

18          I, Bonnie J. Shenkman, hereby declare as follows:

19          1.      I am a Corporate Vice President of Project Management in Human Resources for

20  New York Life Insurance Company ("NYLIC"), the named Defendant in this action.  In this

21  position, I have supervisory responsibility for human resource functions for NYLIC.  My staff

22  compiled information regarding the number of NYLIC's employees and agents in the United

23  States.  If called to testify, I could and would competently testify to the following.

24          2.      As of December 31, 2007, NYLIC "employed" 15,358 employees and agents

25  nationwide.

26          3.      The top five states by number of employees are: (1) New York – 4,837; (2)

27  California – 1,419; (3) New Jersey – 1,157; (4) Texas – 1,014; and (5) Florida – 892.

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
   PALO ALTO

1-PA/3712346.1                          DECLARATION OF BONNIE SHENKMAN
                                        IN SUPPORT OF DEFENDANT'S NOTICE
                                        OF REMOVAL OF ACTION

1        I declare under penalty of perjury under the laws of the United States that the foregoing is

2    true and correct.

3        Executed this 23 day of June 2008 at New York, New York.

4

5

6        Bonnie J. Shenkman

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3712346.1                    2                    DECLARATION OF BONNIE SHENKMAN
IN SUPPORT OF DEFENDANT'S NOTICE
OF REMOVAL OF ACTION

1   MELINDA S. RIECHERT, State Bar No. 65504
    MORGAN, LEWIS & BOCKIUS LLP
2   2 Palo Alto Square
    3000 El Camino Real, Suite 700
3   Palo Alto, CA 94306-2122
    Tel: 650.843.4000
4   Fax: 650.843-4001
    Email: mriechert@morganlewis.com
5
    Attorneys for Defendant
6   NEW YORK LIFE INSURANCE COMPANY

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11   ARELENE BENIGNI,

12                Plaintiff,              Case No. _____

13          vs.                          DECLARATION OF ANGELO
                                         SCIALABBA IN SUPPORT OF
14   NEW YORK LIFE INSURANCE             DEFENDANT NEW YORK LIFE
     COMPANY, and DOES 1 through 10,     INSURANCE COMPANY'S NOTICE OF
15   inclusive,                          REMOVAL OF ACTION

16                Defendants.

17

18      I, Angelo Scialabba, hereby declare as follows:

19      1.   I am a First Vice President in the Controller's Department for New York Life

20   Insurance Company ("NYLIC"), the named Defendant in this action. In this position, I have

21   supervisory responsibility for tracking the real estate owned by NYLIC. I directed my staff to

22   compile information regarding the value of the real estate owned by NYLIC as of December 31,

23   2007. If called to testify, I could and would competently testify to the following.

24      2.   As of December 31, 2007, NYLIC directly owned tangible property/real estate in

25   the United States valued at $453,204,790.

26      3.   The top five states total property value are: (1) New York - $252,700,277; (2)

27   Pennsylvania - $44,368,794; (3) Georgia - $41,407,655; (4) New Jersey - $38,303,030; and (5)

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
   PALO ALTO

1-PA/3712349.3

1    Ohio - $36,142,567.  These are all property either occupied by NYLIC or held for income

2    purposes.

3        4.    NYLIC owns only four residential properties in California, valued at $1,761,984,

4    which are currently held for sale.

5        5.    In addition, NYLIC indirectly owns $187,751,435 in real estate in 17 states, none

6    of which is California.

7        I declare under penalty of perjury under the laws of the United States that the foregoing is

8    true and correct.

9        Executed this 23 day of June 2008 at New York, New York.

10

11                                          _Angelo Scialabba_

12                                          Angelo Scialabba

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3712349.3                                    2                    DECL. OF ANGELO SCIALABBA IN
                                                                      SUPPORT OF DEFENDANT'S NOTICE OF
                                                                      REMOVAL OF ACTION

1   MELINDA S. RIECHERT, State Bar No. 65504
    MORGAN, LEWIS & BOCKIUS LLP
2   2 Palo Alto Square
    3000 El Camino Real, Suite 700
3   Palo Alto, CA 94306-2122
    Tel: 650.843.4000
4   Fax: 650.843-4001
    Email: mriechert@morganlewis.com
5
    Attorneys for Defendant
6   NEW YORK LIFE INSURANCE COMPANY

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  ARELENE BENIGNI,                    Case No. _____

12              Plaintiff,      DECLARATION OF KENNETH ROMAN
                               IN SUPPORT OF DEFENDANT NEW
13        vs.                  YORK LIFE INSURANCE COMPANY'S
                               NOTICE OF REMOVAL OF ACTION
14  NEW YORK LIFE INSURANCE
    COMPANY, and DOES 1 through 10,
15  inclusive,

16              Defendants.

17

18       I, Kenneth Roman, hereby declare as follows:

19       1.      I am a Corporate Vice President in the Controller's Department for New York Life

20  Insurance Company ("NYLIC"), the named Defendant in this action. In this position, among

21  other things, I have supervisory responsibility for the reporting of premiums and sales data for

22  NYLIC. One of my functions is the supervision of compilation of Schedule T, which is an

23  exhibit to Quarterly and Annual Statements produced by NYLIC. The Schedule contains year-to-

24  date premium and annuity information by states and territories. The information provided in

25  paragraphs 2 and 3 below comes from the Schedule T produced for the year ended December 31,

26  2007. If called to testify, I could and would competently testify to the following.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3712348.1                          DECLARATION OF KENNETH ROMAN IN
                                        SUPPORT OF DEFENDANT'S NOTICE OF
                                        REMOVAL OF ACTION

2.      In 2007, NYLIC collected a total of $7,349,826,542 in premiums from life, accident and health insurance policies, and annuities in the United States. This includes American Samoa, Guam, Puerto Rico, the U.S. Virgin Islands and the Northern Mariana Islands.

3.      The top five states by dollars are: (1) New York - $2,238,512,345; (2) California - $740,495,588; (3) Texas - $324,923,357; (4) Massachusetts - $323,135,897; and (5) Delaware - $282,362,506.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 23 day of June 2008 at New York, New York.

Kenneth Roman

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DECLARATION OF KENNETH ROMAN IN
SUPPORT OF DEFENDANT'S NOTICE OF
REMOVAL OF ACTION

1  MELINDA S. RIECHERT, State Bar No. 65504
   MORGAN, LEWIS & BOCKIUS LLP
2  2 Palo Alto Square
   3000 El Camino Real, Suite 700
3  Palo Alto, CA 94306-2122
   Tel: 650.843.4000
4  Fax: 650.843-4001
   Email: mriechert@morganlewis.com
5
   Attorneys for Defendant
6  NEW YORK LIFE INSURANCE COMPANY

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 ARELENE BENIGNI,                     Case No. _____

12              Plaintiff,              DECLARATION OF CYNTHIA J.
                                        LENKIEWICZ IN SUPPORT OF
13     vs.                              DEFENDANT NEW YORK LIFE
                                        INSURANCE COMPANY'S NOTICE OF
14 NEW YORK LIFE INSURANCE              REMOVAL OF ACTION
   COMPANY, and DOES 1 through 10,
15 inclusive,

16              Defendants.

17

18     I, Cynthia J. Lenkiewicz, hereby declare as follows:

19     1.     I am an Associate General Counsel & Assistant Secretary for New York Life

20 Insurance Company ("NYLIC"), the named Defendant in this action.  Based on my position, my

21 experience and my review of relevant corporate documents, I could and would competently

22 testify to the following.

23     2.     NYLIC was on April 22, 2008, and still is, a mutual insurance company organized

24 and existing under and by virtue of the laws of the State of New York.

25     3.     NYLIC's corporate headquarters was on April 22, 2008, and still is, in New York,

26 New York and its corporate books and records are located in New York, New York.

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
    PALO ALTO

1-PA/3712939.2

4.    The chairman of the Board of Directors, the president, the chief executive officer, the chief legal officer, the chief administrative officer, the chief financial officer, the chief information officer, the general auditor, the chief investment officer, the chief actuary, the corporate secretary and the treasurer of NYLIC all work primarily out of NYLIC's corporate offices in New York, New York.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 25th day of June 2008 at New York, New York.

Cynthia J. Lenkiewicz

DECL. OF CYNTHIA LENKIEWICZ IN
SUPPORT OF DEFENDANT'S NOTICE OF
REMOVAL OF ACTION

1  MELINDA S. RIECHERT, State Bar No. 65504
   MORGAN, LEWIS & BOCKIUS LLP
2  2 Palo Alto Square
   3000 El Camino Real, Suite 700
3  Palo Alto, CA 94306-2122
   Tel: 650.843.4000
4  Fax: 650.843-4001
   Email: mriechert@morganlewis.com
5
   Attorneys for Defendant
6  NEW YORK LIFE INSURANCE COMPANY

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  ARELENE BENIGNI,                    Case No. _____

12              Plaintiff,              **DECLARATION OF KAREN SOLENICK**
                                        **IN SUPPORT OF DEFENDANT NEW**
13      vs.                             **YORK LIFE INSURANCE COMPANY'S**
                                        **NOTICE OF REMOVAL OF ACTION**
14  NEW YORK LIFE INSURANCE
    COMPANY, and DOES 1 through 10,
15  inclusive,

16              Defendants.

17

18      I, Karen Solenick, hereby declare as follows:

19      1.    I am a Director of Employee Relations in the Human Resources Department for

20  New York Life Insurance Company ("NYLIC"), the named Defendant in this action. In this

21  position, I have knowledge of the employment applications, work history, and compensation

22  levels of NYLIC employees. I have consulted company records regarding Ms. Benigni's work

23  history, compensation levels, and the positions in which she expressed an interest. If called to

24  testify, I could and would competently testify to the following.

25      2.    At the time Ms. Benigni took a leave of absence from NYLIC, the company

26  records show that her annual salary was $26,801.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3712692.2

DECL. OF KAREN SOLENICK IN SUPPORT
OF DEFENDANT'S NOTICE OF REMOVAL
OF ACTION

3.     While the actual starting salary for the positions in which Ms. Benigni appears to have had interest after she was released by her physician to return to work would depend upon a number of factors, they would range from approximately $28,000 to $34,000 per year.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 25 day of June 2008 at Sleepy Hollow, New York.

_____
Karen Solenick

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3712692.2

2

DECL. OF KAREN SOLENICK IN SUPPORT
OF DEFENDANT'S NOTICE OF REMOVAL
OF ACTION

# EXHIBIT 1

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
06/02/2008
CT Log Number 513483106

| | |
|---|---|
| **TO:** | Michael DeMicco<br>New York Life Insurance Company<br>51 Madison Avenue<br>New York, NY 10010 |
| **RE:** | **Process Served in California** |
| **FOR:** | New York Life Insurance Company (Domestic State: NY) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Arelene Benigni, Pltf. vs. New York Life Insurance, et al., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint |
| **COURT/AGENCY:** | Contra Costa County, Martinez, Superior Court, CA<br>Case # C0801088 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of Physical Disability |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/30/2008 at 14:25 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Seth R. merrick<br>McCormac & Associates<br>655 montgomery Street<br>Suite 1200<br>San Francisco, CA 94111-2630<br>415 399 1722 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 790025974898 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

RECEIVED
JUN 3 - 2008
OFFICE OF THE GENERAL COUNSEL
LITIGATION SECTION

Page 1 of 1 / WM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

05/16/2008  10:04    4153991733                                                    PAGE  03

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NEW YORK LIFE INSURANCE, and DOES 1 to 10, inclusive

**RECEIVED**
JUN 3  2008
OFFICE OF THE GENERAL COUNSEL
LITIGATION SECTION

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ARELENE BENIGNI



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
APR 2   2008
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
S. TORRES CLERK OF THE COURT
By _____ Deputy Clerk J. Myovich

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Contra Costa
725 Court Street, Martinez, CA 94553

CASE NUMBER:
*(Número del Caso):*
**C  08 - 01088**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Seth R. Merrick (SBN 231607)          Phone No. (415) 399-1722
McCormac & Associates                  Fax No. (415) 399-1733
655 Montgomery Street, Suite 1200, San Francisco, California 94111-2630

DATE:                                        Clerk, by _____, Deputy
*(Fecha)* APR 2 3 2008          *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): *New York Life Insurance Company*

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date): 5-3-58  2:25 p.

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

## SUMMONS

Code of Civil Procedure §§ 412.20, 465

LexisNexis® Automated California Judicial Council Forms

05/16/2008   10:04   4153991733

PAGE   12

| | | CM-010 |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Kathleen A. McCormac (State Bar # 159012)<br>McCormac & Associates<br>655 Montgomery Street, Suite 1200, San Francisco, California 94111-2630<br>TELEPHONE NO.: (415) 399-1722   FAX NO.: (415) 399-1733<br>ATTORNEY FOR *(Name)*: ARELENE BENIGNI, Plaintiff | | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 Court Street, Room 103
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

CASE NAME:
BENIGNI v. NEW YORK LIFE INSURANCE, et al.

FILED
APR 2 1 2008
J. Myovich

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>C 08-01088 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | | JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify)*: TWO (2)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 18, 2008

Seth R. Merrick
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2008]

**CIVIL CASE COVER SHEET**

Page 1 of 2

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

BENIGNI VS NEW YORK LIFE INSURANCE

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC08-01088

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 09/22/08        DEPT: 07        TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

   a.  an order establishing a discovery schedule
   b.  an order referring the case to arbitration
   c.  an order transferring the case to limited jurisdiction
   d.  an order dismissing fictitious defendants
   e.  an order scheduling exchange of expert witness information
   f.  an order setting subsequent conference and the trial date
   g.  an order consolidating cases
   h.  an order severing trial of cross-complaints or bifurcating
       issues ·
   i.  an order determining when demurrers and motions will be filed

SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

      Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated: 04/23/08          _____
                              J. MYOVICH, Deputy Clerk

KATHLEEN A. McCORMAC (#159012)
SETH R. MERRICK (#231607)
McCORMAC & ASSOCIATES
655 Montgomery Street, Suite 1200
San Francisco, CA 94111
Tel: (415) 399-1722
Fax: (415) 399-1733

Attorneys for PLAINTIFF
ARELENE BENIGNI

**RECEIVED**
**JUN 3  2008**
OFFICE OF THE GENERAL COUNSEL
LITIGATION SECTION

**FILED**
APR 2 1 2008
~~CLERK OF THE COURT~~
SUPERIOR COURT STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____ Deputy Clerk
J. Myovich

...SUMMONS ISSUED

PER LOCAL RULE IS THIS
CASE IS ASSIGNED TO

## IN THE SUPERIOR COURT OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

ARELENE BENIGNI,

    PLAINTIFF,

vs.

NEW YORK LIFE INSURANCE, and DOES 1
to 10, inclusive,

    DEFENDANT(S).

Case No.:   **C-08-01088**

**COMPLAINT FOR:**

1) **DISABILITY DISCRIMINATION: CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (CAL. GOV'T CODE §§12940 ET SEQ.);**

2) **RETALIATION: CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (CAL. GOV'T CODE §§12940 ET SEQ.).**

**JURY TRIAL DEMANDED**

## COMPLAINT

    Now comes ARELENE BENIGNI ("PLAINTIFF") in the above styled action, and files this Complaint and further shows the court as follows:

### FACTS COMMON TO ALL CAUSES OF ACTION

1. PLAINTIFF is a resident of San Leandro, California.

2. NEW YORK LIFE INSURANCE COMPANY. ("DEFENDANT NYLIC") is a corporation, has a place of business and is and has been doing business at 51 Madison

-1-

COMPLAINT AND DEMAND FOR JURY TRIAL

05/16/2008  10:04   4153991733                                                    PAGE 05

Avenue, New York, NY 10010, and is therefore subject to the jurisdiction of this Court.

DEFENDANT NYLIC may be served with Summons and Complaint through its

registered agent for service, CT Corporation System, at the following address: 818 West

Seventh Street, Los Angeles, CA 90017.

3. DEFENDANTS, DOES 1-10, are sued herein under fictitious names. Their true names

and capacities are unknown to PLAINTIFF. PLAINTIFF is informed and believes and

thereon alleges that each of these fictitiously-named DEFENDANTS are responsible in

some way for the occurrences herein alleged and PLAINTIFF'S damages as herein

alleged were caused by DEFENDANTS. When the true names of DOES 1-10 are

ascertained, PLAINTIFF will amend his Complaint by inserting their true names and

capacities herein.

4. PLAINTIFF is informed and believes and thereon alleges that DEFENDANT NYLIC is

an employer subject to suit under the California Fair Employment and Housing Act

(California Government Code §§12940 et seq., hereinafter referred to as the "FEHA").

## JURISDICTION AND VENUE

5. Plaintiff brings this action pursuant and under the provisions of the California Fair

Employment and Housing Act (California Government Code §§12940 et seq.,

hereinafter referred to as the "FEHA").

6. Jurisdiction and subject matter in this action are proper as the amount in controversy, as

set forth in the Complaint, exceeds the minimum jurisdictional threshold of this Court.

7. Venue is proper as all actions relevant to this Complaint took place in Contra Costa

County, California.

8. PLAINTIFF is informed and believes and thereon alleges that DEFENDANT NYLIC is

**COMPLAINT AND DEMAND FOR JURY TRIAL**



an employer subject to suit under FEHA.  DEFENDANT NYLIC has at all relevant times been engaged in an industry in the State of California, and has employed fifteen (15) or more employees in the current or preceding calendar year, and is therefore subject to the provisions of FEHA.

9.  Within the time provided by law, in or about June 2007, PLAINTIFF made a complaint of disability discrimination with the Equal Opportunity Employment Commission (hereinafter referred to as the "EEOC") and cross filed with the Department of Fair Employment and Housing (hereinafter referred to as the "DFEH").  PLAINTIFF received a "Right to Sue" notice from the DFEH on June 20, 2007.

10. Within the time provided by law, in or about January 2008, PLAINTIFF made a complaint of retaliation with the EEOC and cross-filed with DFEH.  PLAINTIFF received a "Right to Sue" notice from the DFEH on January 17, 2008.

### FIRST CAUSE OF ACTION
#### Disability Discrimination
**(Against DEFENDANT NYLIC In Violation of California Government Code §§12940 et seq.)**

11. By this reference, PLAINTIFF hereby incorporates paragraphs 1-10 of this document as if they were set forth within this Cause of Action.

12. At all times herein mentioned, the FEHA was in full force and effect and was binding upon DEFENDANT NYLIC.  The FEHA requires DEFENDANT NYLIC to refrain from discriminating against an employee on the basis of a physical disability, among other things.  PLAINTIFF is a qualified individual with a disability as defined by the FEHA.  Within the time provided by law, PLAINTIFF filed a charge of discrimination with the DFEH alleging that he had been subjected to discrimination on the basis of her disabilities.

13. DEFENDANT NYLIC employed PLAINTIFF from in or about July 1995.  At all times

-3-
**COMPLAINT AND DEMAND FOR JURY TRIAL**

05/16/2008  10:04    4153991733

PAGE  07

during PLAINTIFF'S tenure with DEFENDANT NYLIC, PLAINTIFF performed her

duties as an Underwriting Assistant II in an exemplary fashion.

14. PLAINTIFF received an injury to her shoulders, back and knees while working for

DEFENDANT NYLIC.

15. PLAINTIFF was released by her physician to return to her former employment with

certain restrictions on or about November 22, 2006.  Shortly thereafter, PLAINTIFF

requested that DEFENDANT NYLIC return PLAINTIFF to her former position of

employment with reasonable accommodations in accordance with her medical

restrictions. DEFENDANT NYLIC refused to return PLAINTIFF to work.

16. On or about May 3, 2007, PLAINTIFF, by and through her attorneys, requested that

DEFENDANT NYLIC return her back to work with reasonable accommodations in

accordance with her medical restrictions.

17. From 2006 to present, PLAINTIFF has applied for open positions with DEFENDANT

NYLIC for which she was qualified and physically able to perform.

18. To date, PLAINTIFF has not been returned to work.

19. DEFENDANT NYLIC willfully and/or with reckless indifference violated the FEHA

and discriminated against PLAINTIFF by failing to engage in the interactive process

with PLAINTIFF.

20. DEFENDANT NYLIC willfully and/or with reckless indifference violated the FEHA

and discriminated against PLAINTIFF by failing to make reasonable accommodations to

and for the known or perceived disability of PLAINTIFF.

21. DEFENDANT NYLIC willfully and/or with reckless indifference violated the FEHA

and discriminated against PLAINTIFF by refusing to allow PLAINTIFF to return to

-4-

work.

22. DEFENDANT NYLIC was aware of PLAINTIFF'S disability, and PLAINTIFF believes and thereon alleges the substantial, but not the only, factor in DEFENDANT NYLIC'S decision to refuse to allow PLAINTIFF to work was because of PLAINTIFF'S disability. Such discrimination has resulted in damage to PLAINTIFF as alleged herein.

23. PLAINTIFF is informed and believes that in addition to the practices enumerated in this Cause of Action, DEFENDANT NYLIC has engaged in other discriminatory practices that are not fully known by PLAINTIFF.

24. As a direct, foreseeable, and proximate result of DEFENDANT NYLIC'S discriminatory acts, PLAINTIFF has suffered and continues to suffer substantial losses and earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

25. Pursuant to the FEHA, PLAINTIFF demands that DEFENDANT NYLIC pay reasonable attorneys' fees and costs as a part of the cost of this litigation.

26. DEFENDANT NYLIC committed the acts herein alleged maliciously, fraudulently, and oppressively with wrongful intention of injuring PLAINTIFF and acted with an improper and evil mode amounting to malice, in a conscious disregard for PLAINTIFF'S rights. The acts taken towards PLAINTIFF were carried out by managerial employees acting in a despicable, cold, callous and intentional manner in order to injure and damage PLAINTIFF. As a result of DEFENDANT NYLIC'S

discriminatory acts as alleged herein, PLAINTIFF has no claim adequate or complete remedy of law as DEFENDANT NYLIC continues to engage in said alleged wrongful practices, therefore, PLAINTIFF requests:

    (a)  That PLAINTIFF be made whole and afforded all benefits attended thereto that would have been afforded to PLAINTIFF but for said discrimination; and,

    (b)  That DEFENDANT NYLIC, their agents, successors, employees, and those acting in concert with DEFENDANT NYLIC are enjoined permanently from engaging in each of the unlawful practices, policies, usage and customs set forth herein.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
### Retaliation
**(Against DEFENDANT NYLIC in Violation of California Government Code §§12940 *et seq.*)**

27. By this reference, PLAINTIFF hereby incorporates paragraphs 1-26 of this document as if they were set forth within this Cause of Action.

28. Since she filed her charge of Discrimination with the EEOC and DFEH, PLAINTIFF has applied for open positions with DEFENDANT NYLIC for which she was qualified and physically able to perform. DEFENDANT NYLIC refused to place her in one of the open positions.

29. PLAINTIFF is informed and believes and thereon alleges that DEFENDANT NYLIC refused to return PLAINTIFF to work for DEFENDANT NYLIC in an open position because, among other things, PLAINTIFF engaged in protected activities.

30. PLAINTIFF is informed and believes that in addition to the practices enumerated in this

-6-

Cause of Action, DEFENDANT NYLIC has engaged in other retaliatory practices that are not fully known by PLAINTIFF.

31. As a direct, foreseeable, and proximate result of DEFENDANT NYLIC'S retaliatory acts, PLAINTIFF has suffered and continues to suffer substantial losses and earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

32. Pursuant to the FEHA, PLAINTIFF demands that DEFENDANT NYLIC pay reasonable attorneys' fees and costs as a part of the cost of this litigation.

33. DEFENDANT NYLIC committed the acts herein alleged maliciously, fraudulently, and oppressively with wrongful intention of injuring PLAINTIFF and acted with an improper and evil mode amounting to malice, in a conscious disregard for PLAINTIFF'S rights. The acts taken towards PLAINTIFF were carried out by managerial employees acting in a despicable, cold, callous and intentional manner in order to injure and damage PLAINTIFF. As a result of DEFENDANT NYLIC'S discriminatory acts as alleged herein, PLAINTIFF has no claim adequate or complete remedy of law as DEFENDANT NYLIC continues to engage in said alleged wrongful practices, therefore, PLAINTIFF requests:

  (a)  That PLAINTIFF be made whole and afforded all benefits attended thereto that would have been afforded to PLAINTIFF but for said discrimination; and,

  (b)  That DEFENDANT NYLIC, their agents, successors, employees, and

those acting in concert with DEFENDANT NYLIC be enjoined permanently from engaging in each of the unlawful practices, policies, usage and customs set forth herein.

WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF makes the following demand:

(a)   That process be issued and served as provided by law, requiring DEFENDANT NYLIC to appear and answer or face judgment;

(b)   That PLAINTIFF have and recover a judgment against DEFENDANT NYLIC in an amount to be determined at trial as general, special, actual, compensatory and/or nominal damages for violation of the FEHA (California Government Code §§12940 et seq.);

(c)   That PLAINTIFF have and recover a judgment against DEFENDANT NYLIC in an amount to be determined at trial for expenses of this litigation, including, but not limited to, reasonable attorneys' fees, costs and pre and post judgment interest; and

(d)   That PLAINTIFF has such other relief, as this Court deems just and appropriate.

(e)   That PLAINTIFF have and recover a judgment against DEFENDANT NYLIC for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter DEFENDANT.

### PLAINTIFF DEMANDS TRIAL BY JURY

Dated: April 18, 2008          McCORMAC & ASSOCIATES

SETH R. MERRICK
Attorney for PLAINTIFF

-8-



Arrow  Page 1 of 1

FROM: Wendy Mayorga (213)337-4615
CT - Los Angeles SOP Team
816 West Seventh Street

Los Angeles, CA 90017

TO: **Michael DeMicco (212)576-4452**
**New York Life Insurance Company**
**51 Madison Avenue**

**New York, NY 10010**
Ref: SOP/0413900/513483106/Wendy Mayorga



FedEx Revenue Barcode

CAD#: 8316649
SHIP DATE: 02JUN08
WEIGHT: 1 LB

DELIVERY ADDRESS (FedEx-EDR)

TRK # 7900 2507 4898    FORM
0201

10010   -NY-US

**PRIORITY OVERNIGHT**

EWR

## 06 NBPA

**TUE**
A1
Deliver by:
03JUN08



CLS120707

# EXHIBIT 2

1   MELINDA S. RIECHERT, State Bar No. 65504
    MORGAN, LEWIS & BOCKIUS LLP
2   2 Palo Alto Square
    3000 El Camino Real, Suite 700
3   Palo Alto, CA  94306-2122
    Tel:  650.843.4000
4   Fax:  650.843.4001

5   SACHA M. STEENHOEK, State Bar No. 253743
    MORGAN, LEWIS & BOCKIUS LLP
6   One Market, Spear Street Tower
    San Francisco, CA  94105-1126
7   Tel:  415.442.1000
    Fax:  415.442.1001

8

9   Attorney for Defendants
    NEW YORK LIFE INSURANCE COMPANY

```
FILED

2008 JUN 20  P 1: 40

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.
BY_____
    J. LUVOVICH, DEPUTY CLERK
```

10         SUPERIOR COURT OF THE STATE OF CALIFORNIA

11           IN AND FOR THE COUNTY OF CONTRA COSTA

12

13   ARELENE BENIGNI,          Case No. C-08-01088

14          Plaintiff,      **DEFENDANT NEW YORK LIFE**

15          vs.             **INSURANCE COMPANY'S ANSWER TO**
                              **PLAINTIFF ARELENE BENIGNI'S**

16   NEW YORK LIFE INSURANCE      **UNVERIFIED COMPLAINT**
    COMPANY, and DOES 1 through 10,

17   inclusive;

18          Defendants.      Complaint filed:  April 21, 2008
                              Trial Date:      None

19                       **BY FAX**

20

21      Defendant New York Life Insurance Company ("Defendant") hereby answers the

22   unverified Complaint of Plaintiff Arelene Benigni ("Plaintiff") as follows:

23      Pursuant to California Code of Civil Procedure §431.30(d), Defendant denies generally

24   each and every material allegation contained in Plaintiff's unverified Complaint, and each and

25   every cause of action contained therein, and further denies that Plaintiff has been damaged in any

26   sum whatsoever or that she has been damaged by any act or omission of Defendant, its agents,

27   representatives, and/or employees.

28      WHEREFORE, Defendant asserts the following affirmative defenses and prays for

MORGAN, LEWIS &
BOCKIUS LLP •
ATTORNEYS AT LAW
PALO ALTO

1-SF/7714810.2            1             Case No. C-08-01088

judgment as set forth below:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.    As a separate and affirmative defense to Plaintiff's Complaint, and to each cause of action therein, Defendant alleges that Plaintiff has failed to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

2.    As a separate and affirmative defense to Plaintiff's Complaint, and to each cause of action therein, Defendant alleges that Plaintiff by her express and implied actions has waived and is estopped from asserting, in whole or in part, any of the causes of action upon which she seeks relief.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

3.    As a separate and affirmative defense to Plaintiff's Complaint, and to each cause of action therein, Defendant alleges that each cause of action is barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusive Remedy)

4.    As a separate and affirmative defense to Plaintiff's Complaint, and to each cause of action therein, Defendant alleges that if Plaintiff sustained any injuries and/or emotional distress by reason of the allegations in the Complaint, which allegations are denied, Plaintiff's exclusive remedy for any such damages is governed by the California Workers' Compensation Act statutes. Cal. Labor Code Sections 3200, et seq.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

5.    As a separate and affirmative defense to Plaintiff's Complaint, and to each cause of action therein, Defendant alleges that Plaintiff's statutory claims are barred in whole or in part

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7714810.2                    2                    Case No. C-08-01088

DEFENDANT NEW YORK LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF ARELENE
BENIGNI'S UNVERIFIED COMPLAINT

1   to the extent Plaintiff has failed timely and/or properly to exhaust her administrative remedies

2   with the California Department of Fair Employment and Housing ("DFEH") and are barred in

3   whole or in part to the extent her alleged causes of action exceed or are outside the scope of any

4   administrative charge(s) filed by Plaintiff with the DFEH.  Government Code §§ 12940,

5   12965(b); *Okoli v. Lockheed Technical Operations Co.,* (1995) 36 Cal. App. 4th 1607, 1613.

6                          **SIXTH AFFIRMATIVE DEFENSE**

7                              **(After-Acquired Evidence)**

8           6.      As a separate and affirmative defense to Plaintiff's Complaint, and to each cause

9   of action therein, Defendant alleges that, to the extent during the course of this litigation

10  Defendant acquires any evidence of wrongdoing by Plaintiff, which wrongdoing would have

11  materially affected the terms and conditions of Plaintiff's employment or would have resulted in

12  Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence bars

13  Plaintiff from establishing liability and/or from recovering damages and/or shall reduce her

14  recovery, if any, for such claims as provided by law.

15                         **SEVENTH AFFIRMATIVE DEFENSE**

16                             **(Failure to Mitigate)**

17          7.      As a separate and affirmative defense to Plaintiff's Complaint, and to each cause

18  of action therein, Defendant alleges that if Plaintiff sustained damages by reason of the

19  allegations in the Complaint, which allegations are denied, then Plaintiff may not recover for such

20  damages because, by her own acts and omissions, Plaintiff has failed to mitigate properly those

21  damages.

22                          **EIGHTH AFFIRMATIVE DEFENSE**

23                               **(Mixed Motive)**

24          8.      As a separate and affirmative defense to Plaintiff's Complaint, and to each cause

25  of action therein, Defendant alleges that to the extent that unlawful reasons were motivating

26  factors as to any action by Defendant alleged in the Complaint, which Defendant denies,

27  legitimate, non-discriminatory reasons, standing alone, would have induced Defendants to make

28  the same employment decisions.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7714810.2                          3                     Case No. C-08-01088

## NINTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

9.    As a separate and affirmative defense to Plaintiff's Complaint, and to each cause of action therein, Defendant alleges that, to the extent Plaintiff sought and/or was otherwise eligible for an accommodation, said accommodation would have caused an undue hardship on Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Constitutional Limit on Punitive Damages)

10.    Defendants allege that Plaintiff's claim for punitive damages is barred by the Contract Clause (Article I, Section 10, Clause 1), the Due Process Clause (Fourteenth Amendment, Section 1), and the Excessive Fines Clause (Eighth Amendment) of the United States Constitution, and the corresponding provisions of the State of California.

WHEREFORE, Defendant NEW YORK LIFE INSURANCE COMPANY prays for the following:

1. That Plaintiff take nothing in this action;

2. That judgment be entered in favor of Defendant and against Plaintiff;

3. That costs of suit be awarded to Defendant;

4. That attorneys fees be awarded to Defendant; and

5. For such other and further relief in favor of Defendant as the Court deems just and proper.

Dated: June 20, 2008                    MORGAN, LEWIS & BOCKIUS LLP


By _____
Melinda S. Riechert

Attorney for Defendant
NEW YORK LIFE INSURANCE
COMPANY

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7714810.2                    4                    Case No. C-08-01088

## PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is One Market Street, Spear Street Tower, San Francisco, California  94105.

On June 20, 2008, I served the within document(s):

**DEFENDANT NEW YORK LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF ARELENE BENIGNI'S UNVERIFIED COMPLAINT**

☒       by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for overnight delivery.

Kathleen A. McCormac, Esq.          Attorneys for Plaintiff
McCormac & Associates                   Arelene Benigni
655 Montgomery Street, Suite 1200
San Francisco, CA 94111              **VIA FEDERAL EXPRESS**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on June 20, 2008, at San Francisco, California.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Jasmine Dizon

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7714810.2

5

Case No. C-08-01088

DEFENDANT NEW YORK LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF ARELENE BENIGNI'S UNVERIFIED COMPLAINT